Filed 1/4/21  P. v. Laws CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C091155 |
| Plaintiff and Respondent, | (Super. Ct. No. CR036692) |
| v. | |
| ADAM HOWARD LAWS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Adam Howard Laws has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors favorable to defendant, we will affirm the judgment.

BACKGROUND

The information charged defendant with a single count of failure to appear in an underlying criminal case (Pen. Code, § 1320.5) and alleged defendant was out of custody

on bail in that case, as defined by Penal Code section 12022.1, at the time of the offense. Defendant pleaded guilty to the failure to appear. The bail enhancement allegation was stricken, and the underlying criminal case was dismissed. The parties stipulated the factual basis for the plea could be based on the elements of the count.

At the sentencing hearing, the court placed defendant on a three-year term of probation. The court ordered defendant to comply with the terms and conditions of the probation order, which included the imposition of a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)) and the imposition and stay, pending probation revocation, of a $300 probation revocation fine (Pen. Code, § 1202.44). The court separately imposed a $30 criminal conviction assessment (Gov. Code, § 70373), a $40 court operations assessment (Pen. Code, § 1465.8), and a probation supervision fee of $223 per month (Pen. Code, § 1203.1b). The court further structured a payment plan for defendant.

Defendant timely appealed and did not request a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                        /s/
                                RAYE, P. J.


We concur:


        /s/
MAURO, J.


        /s/
DUARTE, J.